UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA LATINO                          CIVIL ACTION

VERSUS

DILLARD DEPARTMENT            NO.:19-CV-00184-BAJ-RLB
STORES, INC.

## RULING AND ORDER

Before the Court is Defendant's **Motion to Transfer Venue (Doc. 6)**. Plaintiffs filed an opposition. (Doc. 9). Oral argument is not required. For the reasons stated herein, the **Motion to Transfer Venue (Doc. 6) is GRANTED.**

## I. BACKGROUND

On February 14, 2018, Patricia Latino ("Plaintiff") was injured in a Dillard's store in Slidell, Louisiana. (Doc. 1-1 at p.1). Plaintiff alleges that she slipped on perfume that accumulated on the floor. (Doc 1-1 at p. 1, 3). On February 12, 2019, Plaintiff filed a lawsuit in the 19th Judicial District for the Parish of East Baron Rouge against Dillard Department Stores, Inc. ("Defendant") alleging her injuries were a result of an unreasonable risk of harm that was created by, known, or should have been known to Defendant. (*Id.* at p.3).

On March 28, 2019, the case was removed to this Court. Defendant later filed the instant motion to transfer this case to the United States District Court for the

Eastern District of Louisiana. (Doc. 6). Plaintiff filed a memorandum in opposition to Defendant's motion. (Doc. 9).

## II. LEGAL STANDARD

"Under the transfer statute, a district court may transfer a case upon a motion or sua sponte. 28 U.S.C. § 1404 and § 1406." *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987).

28 U.S.C. § 1404 and § 1406 give federal courts the right to transfer a case to another court. 28 U.S.C § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). 28 U.S.C. § 1406(a) permits a transfer "in the interest of justice" when a case is filed "in the wrong division or district." 28 U.S.C. § 1406(a). This Court can transfer a case when the public and private interest factors for 28 U.S.C. § 1404 warrant a transfer or when the venue is improper under 28 U.S.C. § 1391.

In analyzing whether an action may be transferred under 28 U.S.C. § 1404(a), the Court first must first determine "whether [the] action 'might have been brought' in the destination venue." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (quoting 28 U.S.C. § 1404(a)). Second, the Court must evaluate the "private and public interest factors" that are utilized under the *forum non conveniens* doctrine to determine whether a transfer of venue under 28 U.S.C. § 1404(a) "is for the convenience of the parties and witnesses and in the interest of justice." *Id.* at 315.

2

"The private interest factors are . . . '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). The public interest factors are:

> '(1) the administrative difficulties flowing from court congestion[,] (2) the local interest in having localized interests decided at home[,] (3) the familiarity of the forum with the law that will govern the case[,] and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law. *Id.* (quoting *In re Volkswagen AG*, 371 F.3d at 203).

In order to warrant a transfer of venue under 28 U.S.C. § 1404(a), a movant simply must demonstrate "that the transferee venue is clearly more convenient." *Id.* at 315.

## III. DISCUSSION

Regarding the private interest factors, Defendant argues that the Eastern District of Louisiana is the most appropriate venue for this case. (Doc. 7 at p. 2). Defendant asserts that the event giving rise to the suit, Plaintiff's residence, and the residence of every Defense witness are in the Eastern District of Louisiana. (*Id.*). Defendant claims a trial in the Middle District would place a burden on all of the witnesses that would be alleviated should the trial be moved to the Eastern District. (*Id.* at p. 3). Defendant further claims the public interest factors dictate that the

3

Middle District has no interest in retaining the case and transfer to the Eastern District would make the legal process easy, expeditious, and inexpensive. (*Id.*).

Plaintiff asserts that the public and private interest factors weigh in favor of the Middle District retaining the case. (Doc. 9 at p. 2-4). Plaintiff claims the evidence in this case is electronic, and the Middle District's access to the evidence will therefore be unimpaired. (*Id.* at p. 2). Additionally, Plaintiff argues that the Middle District, under Federal Rule of Civil Procedure 45(c)(1), can subpoena witnesses in virtually all of St. Tammany Parish. (*Id.*). Lastly, Plaintiff asserts Defendant has shown no compelling reason to transfer the case. (*Id.* at p. 3).

Defendants invoke 28 U.S.C. § 1404 which permits a transfer "[f]or the convenience of parties and witnesses." The Court agrees that this matter should be transferred. 28 U.S.C. § 1406(a) instructs district courts to dismiss cases filed in an improper venue, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Transferring this case to the Eastern District is proper under 28 U.S.C. § 1391(b)(2), which provides that venue is proper where a substantial portion of the activity giving rise to the claim occurs. It is uncontroverted that the accident happened in the Eastern District of Louisiana.

The private and public interest factors weigh in favor of transfer. Plaintiff lives in the Eastern District, as do all Defense witnesses. Because the incident happened in the Eastern District, the Middle district has no interest in retaining this matter.

4

Finally, all of St. Tammany Parish is within the subpoena power of the Eastern District. Consequently, the Court, "in the interest of justice," will transfer this case to the United States District Court for the Eastern District of Louisiana.

V. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Transfer Venue (Doc. 6)** is **GRANTED**.

Baton Rouge, Louisiana, this 7th day of August, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA